### John R. Glynn v. Edward H. Phetteplace and another.

*Partners: Firm assets: Individual property.* Where one partner sells out his interest in a firm to a third person and takes securities for the price, they form no part of the firm assets, but are his private property, in which his former copartner has no concern, and upon or over which he has no lien or control.

*Partnership: Bill in equity: Parties.* Such former copartner may file a bill to wind up the concern and have its assets applied to the payment of its debts, but in order to do so he must bring in as defendants the persons owning the interest of the retiring partner, who hold their purchase subject to the partnership accounting.

*Partnership: Bill in equity: Contribution.* A bill filed against the retiring partner to obtain contributions towards joint debts, and which is not framed as a bill against all persons interested, nor for the purpose of winding up the business, cannot be maintained without showing the specific liabilities for which contribution is sought.

*Bill in equity: Partners.* Whether a bill can be filed by a partner for such a limited purpose:—*Quære?*

Appeal in Chancery from Kalamazoo Circuit.

*Edwards & Sherwood,* for complainant.

*H. F. Severens,* for defendants.

CAMPBELL, J.

Complainant filed his bill for the purpose of obtaining contribution from Edward H. Phetteplace, for his share of partnership debts, paid and thereafter to be paid, and to obtain a lien on certain securities, held by Jay Phetteplace,

but claimed to belong to Edward, and to be subject to those equities.

The bill was demurred to on various grounds, partly applicable to Jay Phetteplace, and partly to both.

It appears that complainant and Edward had been partners, and that Edward sold out his interest to some third parties, for thirty-two thousand dollars, of which twenty-three thousand dollars was to be applied to that amount of secured debts of the firm, and the balance was paid in the securities referred to, which Edward transferred to Jay.

There were other partnership debts which were not provided for, and on which Edward and complainant remained liable; and complainant, having paid a part, and being likely to be compelled to pay all these, seeks by this bill, not only to compel an accounting and contribution, but to reach the securities transferred by his delinquent partner.

So far as these securities are concerned, there is no principle which could authorize them to be reached in this way. They never formed any part of the assets of the firm. They were Edward's private property. A partner has no more interest in the private property of his copartner than a stranger would have, and has no concern with his disposition of it, unless he has obtained a lien upon it, or else is in a position to follow it as a judgment creditor Until he puts himself in such a position, he cannot complain of any disposition his debtor sees fit to make of his property.

He has, therefore, no equities against Jay Phetteplace.

As against Edward, he would have the right of any partner, after dissolution, to have the concern wound up; but this could only be done by bringing all parties concerned into the case, and by seeking a distribution, and an accounting. The purchasers from Edward Phetteplace took such interest as he would have had, and no more; and that,

in the ordinary course of things, would be subject to the final settlement; and as between them and Phetteplace, the assets would be a primary fund for the payment of debts, and he would not be liable to a personal decree until these were exhausted.

But, instead of framing his bill as a bill to wind up the partnership, complainant has seen fit to seek relief by way of contribution upon the unsecured debts, and no others, as if there were no firm assets, and as if the relations between him and Edward Phetteplace were merely those of a joint liability.

If this can be done in such a case, upon which we need express no opinion, it can only be done by setting forth the specific liabilities, paid or unpaid, out of which the duty to contribute arises.

This has not been attempted; and the bill is entirely vague and general, and identifies nothing.    The demurrer was, therefore, well taken, and the decree dismissing the bill should be affirmed, with costs.

The other Justices concurred.