ELIZA M. LOBDELL v. GEORGE R. SLAWSON AND
ALBERT W. LOBDELL.

*Partnership—Set-off.*

In an action of *assumpsit* brought against the firm by the wife of
one of the partners, the defendants may set off a claim for
money realized by the plaintiff from notes transferred to her
by her husband without consideration, and with knowledge
on her part' that the notes belonged to the firm, and were
relied on to pay firm debts.

Error to Kent. (Grove, J.) Argued January 19, 1892.
Decided February 5, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*D. E. Corbitt (E. A. Maher,* of counsel), for appellant.

*W. E. Hoyt,* for defendant Slawson.

McGRATH, J. Defendants were copartners in the busi-
ness of manufacturing and selling lumber and shingles,
but did no business, except in the way of winding up
the affairs of the firm, after May 4, 1888. Defendant
Lobdell was the managing member of the firm, and super-
vised its books and financial affairs, while Slawson
was upon the road. Plaintiff, who is the wife of defend-
ant Lobdell, had some means, and the firm, through
defendant Lobdell, borrowed money from her, from time
to time, sold shingles to her, and turned over to her
merchandise, notes, drafts, and accounts. She brings
*assumpsit* upon four promissory notes and other items,
and defendants, by Slawson, plead the general issue, giv-
ing notice of set-off. Defendants had judgment for

$931.87, and plaintiff appeals. The case was tried by
the court, and comes here upon exceptions to written
findings.

Regarding the exceptions to the findings of fact, it is
sufficient to say that there is evidence to support them,
and in such case the findings will not be disturbed.

Exception is taken to the finding that defendants were
entitled to set off the sum of $465 on account of moneys
which plaintiff received for notes which were transferred
to plaintiff by her husband. The finding of the court
regarding said item is as follows:

"I also find that on the 14th day of May, 1888, the
defendant Albert W. Lobdell transferred to his wife,. the
plaintiff, a number of notes and mortgages belonging to
the firm of the face value of $625.16, on which the
plaintiff realized the sum of $465; that at the time she
received these notes and mortgages she knew they were
the property of A. W. Lobdell & Co.; that the defend-
ant Slawson, on the 4th day of May, 1888, informed her
that the firm was relying in part on these notes and
mortgages as assets for the payment of its debts; that,
when the defendant Lobdell transferred these notes and
mortgages to the plaintiff, he was at the village of
Mecosta, but made no charge to her on the books of
the firm; that the plaintiff paid no consideration at all
for said notes and mortgages; and that, as the business
had been conducted between her and the firm, these
notes and mortgages should have been charged to her on
the books of account.   I find that the defendants are
entitled to credit for the same, and are entitled to it by
the set-off as of the 14th day of May, 1888, for the sum
which the plaintiff realized thereon, viz., $465, and
interest on that amount at the rate of six per cent. per
annum from the 14th day of May, 1888; and that the
total amount for which the defendants are entitled to
credit on account thereof is $509.18."

Plaintiff's counsel discuss this question as though plaint-
iff had received these notes to apply upon her husband's
individual indebtedness, but the court has found other-
wise.   She took these notes with full knowledge that

they were firm assets, and that the firm relied upon them to pay its indebtedness. In such case she took them subject, not only to the rights of the firm creditors, but to all the rights of Slawson, the other partner; and this would be so, even though she had taken them to apply upon her husband's individual indebtedness. *Kingsbury v. Tharp,* 61 Mich. 216. Here, however, plaintiff sues the copartnership. She has received without consideration, and converted into cash, certain of the partnership assets. Plaintiff is not in any sense the victim of her husband's bad faith or fraud. She has parted with nothing, and there is no reason why she should not account to the partnership for the proceeds of the notes.

*Homer v. Wood,* 11 Cush. 62, and *Glynn v. Phetteplace,* 26 Mich. 383, have no application, for in the former case partnership assets were applied in payment of the separate debt of the partner, and in the latter case there had been a sale, for a good consideration, of an interest in a partnership.

The judgment is affirmed, with costs to defendants.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.